COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, McClanahan and Senior Judge Coleman


GEORGE HENSON, JR.

                                   MEMORANDUM OPINION*
v.    Record No. 0151-03-2              PER CURIAM
                                        JULY 8, 2003
GOOCHLAND DEPARTMENT
 OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
                   J. Peyton Farmer, Judge Designate

              (George Henson, Jr., pro se, on brief).

              No brief for appellee.


     On September 19, 2002, the trial court denied George Henson,

Jr.'s motion to set aside a November 3, 1998 judgment.  On appeal,

Henson contends the trial court erred in so ruling.  Upon

reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

trial court's decision.  See Rule 5A:27.

     We have discerned from the record that in 1997 the Goochland

County Juvenile and Domestic Relations District Court (juvenile

court) ruled, in light of a DNA test, that appellant was not the

biological father of Ebony Cowan.  That same court also suspended

appellant's visitation with Ebony.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Later, appellant moved the juvenile court for a second DNA test to discern paternity. The juvenile court denied the motion. The circuit court upheld that decision by order dated November 3, 1998.

In September 2002, appellant filed a "Motion to Reinstate Case on Docket With After Discovered Evidence" with the circuit court. By order dated September 19, 2002, the circuit court denied the motion for the following reason: "The Order of this Court, dated November 3, 1998 was a final order and this Court does not have jurisdiction to vacate it (Rule 1:1)." Appellant appeals from that decision.

Rule 1:1 reads in pertinent part: "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Appellant's motion to reinstate was filed long after the passage of twenty-one days from entry of the November 3, 1998 final order. Accordingly, the circuit court did not err in ruling that it lacked jurisdiction to consider the motion.

Affirmed.